**Exhibit A**

JAVERBAUM WURGAFT HICKS KAHN WIKSTROM & SININS, P.C.
145 Spring Street, Suite B
Newton, NJ 07860
(973) 379-4200
Lauren D. Fraser, Esq.
Attorney ID No. 034952003
*Attorneys for Plaintiff, Tod Rissmiller and Brenda Rissmiller, his wife*

| | |
|---|---|
| TOD RISSMILLER and BRENDA RISSMILLER, his wife, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: WARREN COUNTY |
| Plaintiff, | DOCKET NO.: |
| vs. | Civil Action |
| WERNER ENTERPRISES, INC., DOLLAR GENERAL CORPORATION, JHON CLEEF FLEURIVAL, JOHN DOES 1-4, and/or ABC CORPORATIONS 1-4 (fictitious names for the persons, partnerships and/or corporations intended), Defendants. | **COMPLAINT, JURY DEMAND; DESIGNATION OF TRIAL COUNSEL, DISCOVERY DEMANDS AND CERTIFICATIONS** |

Plaintiff, TOD RISSMILLER and BRENDA RISSMILLER, his wife, residing at 335 Ann Street, Phillipsburg, NJ 08865, by way of Complaint against the defendants says;

**FIRST COUNT AS TO DEFENDANT,
JHON CLEEF FLEURIVAL**

1.      On or about September 17, 2020 at approximately 9:25 PM. Plaintiff, TOD RISSMILLER was the operator of a vehicle which was facing south on Ingersol Ave, at the intersection of Memorial Parkway, attempting to cross on to Memorial Parkway in the town of Phillipsburg, County of Warren, State of New Jersey.

2.      On or about September 17, 2020, Defendant, JHON CLEEF FLEURIVAL, was the operator of a certain 2019 Kenworth tractor trailer bearing the license plate W28761, owned by WERNER ENTERPRISES INC., and DOLLAR GENERAL CORPORATION in which she was

traveling Westbound in the right lane on Memorial Parkway in Philipsburg, County of Warren, State of New Jersey.

3. On said date and place, Defendant, JHON CLEEF FLEURIVAL did so negligently, carelessly and recklessly operate and/or maintain the aforesaid motor vehicle by failing to make proper traffic observations, take evasive actions, failing to stop in time and otherwise failed to observe a traffic control signal causing him to violently strike Plaintiff's vehicle, seriously injuring Plaintiff, TOD RISSMILLER.

4. As a direct and proximate result of the negligence of the Defendant, JHON CLEEF FLEURIVAL as aforesaid, Plaintiff, TOD RISSMILLER, was caused to sustain and did sustain serious and permanent personal injuries and has been and will be caused great pain and suffering; has been and will be caused to expend large sums of money in an effort to cure himself of his injuries requiring and has been and will be deprived of attending to his usual activities and other great damages.

**WHEREFORE,** Plaintiffs, TOD RISSMILLER and BRENDA RISSMILLER, his wife, demands Judgment against the Defendants, JHON CLEEF FLEURIVAL, WERNER ENTERPRISES, DOLLAR GENERAL CORPORATION, JOHN DOES 1-4, and/or ABC CORPORATIONS 1-4 (fictitious names for the persons, partnerships and/or corporations intended) for damages together with interest, costs of suit and attorney's fees, as well as any other relief the court may deem proper.

## SECOND COUNT

1. Plaintiffs, TOD RISSMILLER and BRENDA RISSMILLER, his wife, repeat each and every allegation contained in the First count of the Complaint and makes them a part here of as if set forth herein at length.

2. At all relevant times herein, the Defendant JHON CLEEF FLEURIVAL was negligent, careless, reckless, unreasonable and/or otherwise inattentive in the operation of his motor vehicle in failing to maintain control of his vehicle and subsequently crashing into and colliding with Plaintiff, TOD RISSMILLER's vehicle as he was attempting to cross onto the Memorial Parkway in Phillipsburg, New Jersey.

3. As a direct and proximate result of the negligence of Defendant JHON CLEEF FLEURIVAL, as aforesaid, Plaintiff, TOD RISSMILLER, sustained severe and permanent personal injuries including, but not limited to **C 5-6 disc herniation with bilateral foraminal narrowing, L4-L5 disc herniation, left arm radiculopathy, anxiety, headaches** and has been and will be caused to expend large sums of money in an effort to cure himself of his injuries, has been and will be deprived of attending his usual activities and other great damages.

**WHEREFORE,** Plaintiffs, TOD RISSMILLER and BRENDA RISSMILLER, his wife, demands Judgment against the Defendants, JHON CLEEF FLEURIVAL, WERNER ENTERPRISES, DOLLAR GENERAL CORPORATION, JOHN DOES 1-4, and/or ABC CORPORATIONS 1-4 (fictitious names for the persons, partnerships and/or corporations intended) for damages together with interest, costs of suit and attorney's fees, as well as any other relief the court may deem proper.

### THIRD COUNT AS TO DEFENDANT WERNER ENTERPRISES, INC.

1. Plaintiffs, TOD RISSMILLER and BRENDA RISSMILLER, his wife, repeat each and every allegation contained in the First and Second counts of the Complaint and makes them a part here of as if set forth herein at length.

2. By reason of negligence, recklessness and carelessness of the Defendants JHON CLEEF FLEURIVAL, WERNER ENTERPRISES, INC., and DOLLAR GENERAL CORPORATION,

Plaintiff TOD RISSMILLER has been and will be caused great pain and suffering, has been and will be caused to expend large sums of money in an effort to cure himself of his injuries and has been and will be deprived of attending to his usual activities and other great damages.

3.      At all relevant times herein, Defendant WERNER ENTERPRISES, INC. so negligently, carelessly, and recklessly owned, operated, employed the operator, designed, manufactured, sold, distributed, repaired, modified, renovated, tested, constructed, inspected and/or serviced any part of the motor vehicle involved in the within motor accident and/or any of its component parts and was otherwise negligent.

4.      At all relevant times herein, Defendant WERNER ENTERPRISES, INC. was the owner, Lessee, or licensee of said vehicle operated by Defendant JHON CLEEF FLEURIVAL and was responsible for the supervision, maintenance, repairs and oversight of said vehicle.

5.      Said Defendant was negligent, careless, unreasonable and/or reckless in controlling, maintaining, supervising and/or loaning the vehicle operated by Defendant JHON CLEEF FLEURIVAL.

6.      As a direct and proximate result of the negligence of the Defendants, as aforesaid, TOD RISSMILLER was caused to sustain and did sustain serious and permanent injuries and has been and will be caused great pain and suffering; has been and will be caused to expend large sums of money in an effort to cure himself of his injuries; has been and will be deprived of attending his usual activities and other great damages.

7.      As a direct and proximate result of the negligence of Defendant JHON CLEEF FLEURIVAL, WERNER ENTERPRISES, INC., and  DOLLAR GENERAL CORPORATION, as aforesaid, Plaintiff, TOD RISSMILLER, sustained severe and permanent personal injuries including, but not limited to **C 5-6 disc herniation with bilateral foraminal narrowing, L4-**

**L5 disc herniation, left arm radiculopathy, anxiety, headaches** and has been and will be caused to expend large sums of money in an effort to cure himself of his injuries, has been and will be deprived of attending his usual activities and other great damages.

**WHEREFORE,** Plaintiffs, TOD RISSMILLER and BRENDA RISSMILLER, his wife, demands Judgment against the Defendants, JHON CLEEF FLEURIVAL, WERNER ENTERPRISES, DOLLAR GENERAL CORPORATION, JOHN DOES 1-4, and/or ABC CORPORATIONS 1-4 (fictitious names for the persons, partnerships and/or corporations intended) for damages together with interest, costs of suit and attorney's fees, as well as any other relief the court may deem proper.

## FOURTH COUNT AS TO DEFENDANT
## DOLLAR GENERAL CORPORATION.

1.  Plaintiffs, TOD RISSMILLER and BRENDA RISSMILLER, his wife, repeat each and every allegation contained in the First through Third counts of the Complaint and makes them a part here of as if set forth herein at length.

2.  By reason of negligence, recklessness and carelessness of the Defendants JHON CLEEF FLEURIVAL, WERNER ENTERPRISES, INC., and DOLLAR GENERAL CORPORATION, Plaintiff TOD RISSMILLER has been and will be caused great pain and suffering, has been and will be caused to expend large sums of money in an effort to cure himself of his injuries and has been and will be deprived of attending to his usual activities and other great damages.

3.  At all relevant times herein, Defendant DOLLAR GENERAL CORPORATION. so negligently, carelessly, and recklessly owned, operated, employed the operator, designed, manufactured, sold, distributed, repaired, modified, renovated, tested, constructed,

inspected and/or serviced any part of the motor vehicle involved in the within motor accident and/or any of its component parts and was otherwise negligent.

4.      At all relevant times herein, Defendant DOLLAR GENERAL CORPORATION. was the owner, Lessee, or licensee of said vehicle operated by Defendant JHON CLEEF FLEURIVAL and was responsible for the supervision, maintenance, repairs and oversight of said vehicle.

5.      Said Defendant was negligent, careless, unreasonable and/or reckless in controlling, maintaining, supervising and/or loaning the vehicle operated by Defendant JHON CLEEF FLEURIVAL.

6.      As a direct and proximate result of the negligence of the Defendants, as aforesaid, TOD RISSMILLER was caused to sustain and did sustain serious and permanent injuries and has been and will be caused great pain and suffering; has been and will be caused to expend large sums of money in an effort to cure himself of his injuries; has been and will be deprived of attending his usual activities and other great damages.

7.      As a direct and proximate result of the negligence of Defendant JHON CLEEF FLEURIVAL, WERNER ENTERPRISES, INC., and  DOLLAR GENERAL CORPORATION, as aforesaid, Plaintiff, TOD RISSMILLER, sustained severe and permanent personal injuries including, but not limited to **C 5-6 disc herniation with bilateral foraminal narrowing, L4-L5 disc herniation, left arm radiculopathy, anxiety, headaches** and has been and will be caused to expend large sums of money in an effort to cure himself of his injuries, has been and will be deprived of attending his usual activities and other great damages.

      **WHEREFORE,** Plaintiffs, TOD RISSMILLER and BRENDA RISSMILLER, his wife, demands Judgment against the Defendants, JHON CLEEF FLEURIVAL, WERNER ENTERPRISES, DOLLAR GENERAL CORPORATION, JOHN DOES 1-4, and/or ABC CORPORATIONS 1-4

(fictitious names for the persons, partnerships and/or corporations intended) for damages together with interest, costs of suit and attorney's fees, as well as any other relief the court may deem proper.

**FIFTH COUNT AS TO DEFENDANTS,
JOHN DOES 1-4, and/or ABC CORPORATIONS 1-4
(fictitious names for the persons, partnerships
and/or corporations intended)**

1. Plaintiff, TOD RISSMILLER and BRENDA RISSMILLER, his wife, repeat each and every allegation contained in the First through Fourth Counts of the Complaint and makes them a part hereof as if set forth herein at length.

2. By reason of the negligence, recklessness and carelessness of the defendants JHON CLEEF FLEURIVAL, WERNER ENTERPRISES, DOLLAR GENERAL CORPORATION, JOHN DOES 1-4, and/or ABC CORPORATIONS 1-4 (fictitious names for the persons, partnerships and/or corporations intended), Plaintiff, TOD RISSMILLER and has been and will be caused great pain and suffering; has been and will be caused to expends large sums of money in an effort to cure himself of his injuries requiring and has been and will be deprived of attending to his usual activities and other great damages.

3. On said date and place, Defendants, JHON CLEEF FLEURIVAL, WERNER ENTERPRISES, DOLLAR GENERAL CORPORATION, JOHN DOES 1-4, and/or ABC CORPORATIONS 1-4 (fictitious names for the persons, partnerships and/or corporations intended), did so negligently and carelessly own, operate and/or maintain the aforesaid motor vehicle so as to cause same to collide with TOD RISSMILLER as he was as he was attempting to cross onto the Memorial Parkway in Phillipsburg, New Jersey.

4. At all relevant times herein, the Defendants, MACKENZIE KRATZSCH, JOHN DOES 1-4, and/or ABC CORPORATIONS 1-4 (fictitious names for the persons, partnerships

and/or corporations intended) so negligently, carelessly, and recklessly, owned, operated, employed the operator, designed, manufactured, sold, distributed, repaired, modified, renovated, tested, constructed, inspected and/or serviced any part of the motor vehicle involved in the within motor vehicle accident and/or any of its component parts and were otherwise negligent.

5.      As a direct and proximate result of the negligence of JHON CLEEF FLEURIVAL, WERNER ENTERPRISES, DOLLAR GENERAL CORPORATION JOHN DOES 1-4, and/or ABC CORPORATIONS 1-4 (fictitious names for the persons, partnerships and/or corporations intended), as aforesaid, Plaintiff, TOD RISSMILLER sustained severe and permanent personal injuries including, but not limited to **C 5-6 disc herniation with bilateral foraminal narrowing, L4-L5 disc herniation, left arm radiculopathy, anxiety, headaches** has been and will be caused to expend large sums of money in an effort to cure himself of his injuries, has been and will be deprived of attending his usual activities and other great damages.

**WHEREFORE,** Plaintiffs, TOD RISSMILLER and BRENDA RISSMILLER, his wife, demands Judgment against the Defendants, JHON CLEEF FLEURIVAL, WERNER ENTERPRISES, DOLLAR GENERAL CORPORATION, JOHN DOES 1-4, and/or ABC CORPORATIONS 1-4 (fictitious names for the persons, partnerships and/or corporations intended) for damages together with interest, costs of suit and attorney's fees, as well as any other relief the court may deem proper.

### SIXTH COUNT AS TO DEFENDANTS WERNER ENTERPRISES, INC., DOLLAR GENERAL CORPORATION, AND ABC CORPS 1-4
### VICARIOUS LIABILITY

1.      Plaintiffs, TOD RISSMILLER and BRENDA RISSMILLER, his wife, repeat each and every

allegation contained in the First through Fifth counts of the Complaint and makes them

a part here of as if set forth herein at length.

2. At all times hereafter mentioned, defendants WERNER ENTERPRISES, INC.; DOLLAR GENERAL CORPORATION; and ABC CORPS 1-4 were motor carriers, container owners, or brokers, legally responsible by contract and/or regulations and/or applicable law for the trailer and any container being transported by defendants, WERNER ENTERPRISES, INC.;DOLLAR GENERAL CORPORATION; and ABC CORPS 1-4 in the FIRST COUNT.

3. At all times defendants, JHON CLEFF FLEURIVAL was an agent, and/or statutory employee of defendants, WERNER ENTERPRISES, INC.; DOLLAR GENERAL CORPORATION; and ABC CORPS 1-4.

4. At all times, defendants, WERNER ENTERPRISES, INC., and DOLLAR GENERAL CORPORATION; were responsible for all actions taken by defendants, WERNER ENTERRISES, INC.; DOLLAR GENERAL CORPORATION and required to comply with the Federal Motor Carrier Safety Regulations and New Jersey motor vehicle statutes as codified in title 39.

5. Defendants, WERNER ENTERPRISES, INC.; DOLLAR GENERAL CORPORATION; and ABC CORPS 1-4 are vicariously liable for defendant, JHON CLEEF FLEURIVAL.

6. As a direct and proximate result of the negligence of Defendants, WERNER ENTERPRISES, INC., and DOLLAR GENERAL CORPORATION; and ABC CORPS 1-4 as aforesaid, Plaintiff, TOD RISSMILLER, was caused to sustain and did sustain serious and permanent personal injuries requiring the care and treatment of physicians, hospitalization and medication and has been and will in the future continue to be hampered in his daily routine.

7. **WHEREFORE,** Plaintiffs, TOD RISSMILLER and BRENDA RISSMILLER, his wife, demands Judgment against the Defendants, JHON CLEEF FLEURIVAL, WERNER

ENTERPRISES, DOLLAR GENERAL CORPORATION, JOHN DOES 1-4, and/or ABC CORPORATIONS 1-4 (fictitious names for the persons, partnerships and/or corporations intended) for damages together with interest, costs of suit and attorney's fees, as well as any other relief the court may deem proper.

**SEVENTH COUNT  AS TO DEFENDANTS
WERNER ENTERPRISES, INC., DOLLAR GENERAL CORPORATION, AND ABC CORPS 1-4**

**NEGLIGENT ACTIONS/NEGLIGENT SELECTION**

1.  Plaintiffs TOD RISSMILLER and BRENDA RISSMILLER repeat each and every allegation of the First through Sixth Counts of the Complaint as though more fully set forth herein.

2.  At all times hereinafter mentioned, defendants, WERNER ENTERPRISES, DOLLAR GENERAL CORPORATION, JOHN DOES 1-4, and/or ABC CORPORATIONS 1-4 were negligent in their actions with regard to the subject transportation, including but not limited to route selection, selection of a motor carrier, selection and screening of drivers including driver qualification requirements under the Federal Motor Carrier Safety Regulations, and conspicuity and marking of the subject container.

3.  As a direct and proximate result of the negligence of defendants, WERNER ENTERPRISES, DOLLAR GENERAL CORPORATION, JOHN DOES 1-4, and/or ABC CORPORATIONS 1-4 as aforesaid, Plaintiff, TOD RISSMILLER, was caused to sustain serious and permanent personal injuries requiring the care and treatment of physicians, hospitalizations and medication has been and will in the future continue to be hampered in his daily routine.

**WHEREFORE,** Plaintiffs, TOD RISSMILLER and BRENDA RISSMILLER, his wife, demands Judgment against the Defendants, JHON CLEEF FLEURIVAL, WERNER ENTERPRISES, DOLLAR

GENERAL CORPORATION, JOHN DOES 1-4, and/or ABC CORPORATIONS 1-4 (fictitious names for the persons, partnerships and/or corporations intended) for damages together with interest, costs of suit and attorney's fees, as well as any other relief the court may deem proper.

### EIGHTH COUNT

1.  Plaintiffs TOD RISSMILLER and BRENDA RISSMILLER repeat each and every allegation of the First through Seventh Counts of the Complaint as though more fully set forth herein.

2.  BRENDA RISSMILLER is the wife of TOD RISSMILLER.

3.  As a direct and proximate result of the negligent conduct of Defendants, Plaintiff BRENDA RISSMILLER has lost he care, services and consortium of her spouse, TOD RISSMILLER.

4.  **WHEREFORE**, Plaintiffs seek damages against JHON CLEEF FLEURIVAL, WERNER ENTERPRISES, DOLLAR GENERAL CORPORATION, JOHN DOES 1-4, and/or ABC CORPORATIONS 1-4 (fictitious names for the persons, partnerships and/or corporations intended), for compensatory damages, loss of consortium damages, together with interest and costs of suit, pain and suffering damages and any other relief that the Court may deem just and proper.

JAVERBAUM WURGAFT<br>
HICKS KAHN WIKSTROM & SININS, P.C.<br>
Attorneys for Plaintiffs

BY: _____
        LAUREN D. FRASER, ESQ.

Dated: June 13, 2022

### JURY DEMAND

Plaintiff requests a trial by jury on all issues involved.

JAVERBAUM WURGAFT
HICKS KAHN WIKSTROM & SININS, P.C.
Attorneys for Plaintiffs

BY: _____
LAUREN D. FRASER, ESQ.

Dated: June 13, 2022

## DESIGNATION OF TRIAL COUNSEL

Pursuant to the provisions of the Rule 4:25-4, the Court is advised that Lauren D. Fraser is hereby designated as trial counsel.

JAVERBAUM WURGAFT
HICKS KAHN WIKSTROM & SININS, P.C.
Attorneys for Plaintiffs

BY: _____
LAUREN D. FRASER, ESQ.

Dated: June 13, 2022

## DEMAND FOR INTERROGATORY ANSWERS

**PLEASE TAKE NOTICE** that pursuant to R.4:17-1(b)(ii) (2), the Plaintiff hereby demands answers to the **Uniform Interrogatories Form C and C (1)** within sixty (60) days of the filing of Defendant's Answer to this Complaint.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Rule 4:17-1(b)(i)(1) and Rule 4:17-2, Plaintiff hereby demands answers to the attached Supplemental Interrogatories within sixty (60) days of the filing of Defendant's Answer to this Complaint.

                              JAVERBAUM WURGAFT
                              HICKS KAHN WIKSTROM & SININS, P.C.
                              Attorneys for Plaintiffs

BY: _____
        LAUREN D. FRASER, ESQ.

Dated: June 13, 2022

## DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

The undersigned attorney for Plaintiff hereby demands that proof of all insurance which may extend coverage to the Defendants for the subject incident and the limits of said coverage be furnished to Plaintiff within five days of the date hereof.

                              JAVERBAUM WURGAFT
                              HICKS KAHN WIKSTROM & SININS, P.C
                              Attorneys for Plaintiffs

BY: _____
        LAUREN D. FRASER, ESQ.

Dated: June 13, 2022

## NOTICE IN LIEU OF SUBPOENA

Pursuant to R.1:9-1 Plaintiff hereby demands the appearance of each and every named Defendant for the purpose of giving testimony in the above referenced action at the time of trial.

                                  JAVERBAUM WURGAFT
                                  HICKS KAHN WIKSTROM & SININS,
                                  Attorneys for Plaintiffs

BY: _____
       LAUREN D. FRASER, ESQ.

Dated: June 13, 2022

### CERTIFICATION PURSUANT TO RULE 4:5-1

I, Lauren D. Fraser, certify that:

1. I am an attorney at law of the State of New Jersey, attorney for the Plaintiff (s).

2. Upon information and belief, the matter in controversy is not the subject of any other action pending in any Court or of a pending arbitration proceeding; and no other action or arbitration proceeding is contemplated. At the time, the Plaintiff knows of no other party who should be joined in the action.

I CERTIFY that the foregoing statements made by me are true. I am aware that if any of the statements are willfully false, I am subject to punishment.

                                  JAVERBAUM WURGAFT
                                  HICKS KAHN WIKSTROM & SININS, P.C.
                                  Attorneys for Plaintiffs

BY: _____
LAUREN D. FRASER

Dated: June 13, 2022

### CERTIFICATION PURSUANT TO R. 1:38-7 (b) and (c)

I, Lauren D. Fraser, do hereby certify that confidential personal identifiers have been redacted from documents now submitted to the Court and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b) and (c).

JAVERBAUM WURGAFT
HICKS KAHN WIKSTROM & SININS, P.C.
Attorneys for Plaintiffs

BY: _____
LAUREN D. FRASER, ESQ.

Dated: June 13, 2022

# Civil Case Information Statement

**Case Details: WARREN | Civil Part Docket# L-000136-22**

**Case Caption:** RISSMILLER TOD VS WERNER ENTERPRISES, INC.
**Case Initiation Date:** 06/16/2022
**Attorney Name:** LAUREN DAWN FRASER
**Firm Name:** JAVERBAUM WURGAFT HICKS KAHN WIKSTROM & SININS
**Address:** 60 WASHINGTON ST STE 107 MORRISTOWN NJ 07960
**Phone:** 9738980161
**Name of Party:** PLAINTIFF : RISSMILLER, TOD
**Name of Defendant's Primary Insurance Company (if known):** SELF INSURED RETENTION WERNER

**Case Type:** PERSONAL INJURY
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO
**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: TOD RISSMILLER?** NO

**Are sexual abuse claims alleged by: BRENDA RISSMILLER?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
   **If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
   **If yes, for what language:**


**Please check off each applicable category: Putative Class Action?** NO   **Title 59?** NO   **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

06/16/2022
Dated

/s/ LAUREN DAWN FRASER
Signed